OPINION
Edward L. Staugler is appealing the judgment of the Miami County Common Pleas Court, Juvenile Division, which found Mr. Staugler guilty of gross sexual imposition.
On August 19, 2000, Mr. Staugler spent an overnight weekend with his aunt and his four year old cousin. During this overnight stay, Mr. Staugler had anal sex with his four year old cousin. When asked about this incident, Mr. Staugler gave two versions of the events: (1) that he inserted his penis into his cousin's rectum, and (2) that he rubbed his penis against his cousin's rectum without penetration or ejaculation. The four year old child also gave several versions of the incident.
Mr. Staugler was charged with rape pursuant to R.C. 2907.02(A)(1)(b), a first degree felony. On October 26, 2000, Mr. Staugler was arraigned and requested an attorney. Mr. Staugler obtained a trial attorney, who was able to obtain a plea agreement which included a reduced charge of gross sexual imposition, a felony of the third degree. On December 15, 2000, Mr. Staugler, accompanied by his attorney, appeared for a change of plea hearing in which he admitted to a reduced charge of gross sexual imposition, a third degree felony. Prior to accepting the plea, the court explained to Mr. Staugler his legal rights and that he could possibly be committed to the Ohio Department of Youth Services (hereinafter "DYS"), which Mr. Staugler indicated he understood. At a dispositional hearing on February 22, 2001, the trial court gave Mr. Staugler probation on his charge and suspended commitment to DYS. Mr. Staugler's probation was conditioned on his successful completion of sex offender therapy.
On June 25, 2001, a probation violation was filed against Mr. Staugler alleging that his probation was violated due to Mr. Staugler's failure to report to the Miami County mental health sex offender program. On July 3, 2001, Mr. Staugler and his mother appeared for an arraignment on the probation violation. Although Mr. Staugler did not have an attorney at the arraignment, the trial court ensured that Mr. Staugler understood his legal rights, including the right to an attorney, and that if he admitted the probation violation that he could be committed to DYS. With this understanding, Mr. Staugler waived his legal rights and admitted to the probation violation. The trial court accepted Mr. Staugler's admission and found him guilty of the probation violation.
On July 12, 2001, a dispositional hearing was held on the probation violation. At the hearing, Mr. Staugler appeared with his attorney who argued that Mr. Staugler should not be committed to DYS. The trial court committed Mr. Staugler to DYS for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed the juvenile's attainment of the age of twenty-one years. Mr. Staugler then filed this appeal.
Mr. Staugler raises the following assignment of error:
 THE JUVENILE'S CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED, THEREBY DENYING HIM A FAIR RESULT.
Mr. Staugler argues that he received ineffective assistance of counsel because his trial counsel failed to file a motion to suppress Mr. Staugler's statements and because nothing in the transcripts demonstrates that Mr. Staugler's counsel discussed with him certain documents regarding his legal rights before he executed them. We disagree.
We evaluate ineffective assistance of counsel arguments in light of the two prong analysis set forth in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. See id. at 2064-65. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. See id. at 2064. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. See id. at 2065.
Mr. Staugler argues that his counsel was ineffective for failing to file a motion to suppress Mr. Staugler's confession. Mr. Staugler argues that if his confession had been suppressed then the four year old would have been found incompetent to testify at trial and Mr. Staugler would not have been found guilty. However, Mr. Staugler's trial counsel had no good faith basis to file a motion to suppress. A voluntary confession, such as Mr. Staugler's, cannot be suppressed. State v. Brewer (1990),48 Ohio St.3d 50, certiorari denied (1990), 498 U.S. 881. Moreover, the four year old victim could have been a witness at trial if the court found that he was of sound mind and capable of receiving just impressions of the facts and transactions respecting which he was examined, or of relating them truly. Therefore, there was no guarantee that the four year old victim would have been found incompetent to testify.
Additionally, Mr. Staugler's trial counsel effectively represented him and managed to arrange a plea agreement which reduced the charge against Mr. Staugler from first degree felony rape to third degree felony gross sexual imposition. This plea agreement lowered the maximum penalty of a minimum one to three years in DYS to a maximum penalty of a minimum of six months in DYS. Also, the record demonstrates that Mr. Staugler's trial counsel was able to effectively argue on Mr. Staugler's behalf because Mr. Staugler received only probation at the February 22, 2001 disposition hearing.
The record demonstrates that at the arraignments on October 26, 2000 and July 3, 2001, the court explained to Mr. Staugler his legal rights. Mr. Staugler was aware at his December 15, 2000 hearing in which he pled guilty to gross sexual imposition that a possible disposition was that he could be sent to DYS, and he still pled guilty. Mr. Staugler chose to waive his right to an attorney at the July 3, 2001 arraignment after the court explained his rights to him. Mr. Staugler received a copy of his legal rights, read the form, understood the form, had no questions, and understood that if he admitted to the probation violation he could be committed to DYS. After this full explanation of his rights, Mr. Staugler waived his rights, including his right to an attorney, and admitted to the probation violation. The documents of which Mr. Staugler complains were fully read and completed at these arriagnments.
Mr. Staugler cannot point to ineffective assistance on the part of his trial counsel as the reason for his commitment to DYS. Mr. Staugler's trial court counsel advocated on his behalf at every hearing excluding the arraignments and at the arraignment for the probation violation, Mr. Staugler waived his right to an attorney. Mr. Staugler's trial counsel was able to negotiate a plea agreement for him in which the charge was dropped from a first degree felony to a third degree felony. Moreover, Mr. Staugler's trial counsel was able to advocate for and obtain probation for Mr. Staugler rather than commitment to DYS. Even at the July 12, 2001 dispositional hearing on the probation violation, Mr. Staugler's trial counsel advocated for Mr. Staugler to not be committed to DYS. Mr. Staugler's trial counsel advocacy and representation at the various hearings met the objective standard of reasonable representation. Therefore, we cannot say that Mr. Staugler was rendered ineffective assistance of counsel. Mr. Staugler's first assignment of error is without merit and is overruled.
The judgment of the trial court is affirmed.
WOLFF, P.J. and GRADY, J. concur.